DOROTHEA M. MULHALL, as Executrix, etc., Plaintiff, *v.* LAURA R. BROOKS, etc., Defendant.

Supreme Court, Erie County, September 18, 1931.

*Dow Vroman,* for the plaintiff.

*Wilcox & Van Allen,* for the defendant.

HORTON, J. We have here a negotiable promissory note for $1,000, signed by the defendant, dated June 14, 1921, payable on demand, and on the same day a written instrument, executed by plaintiff's testator, the payee, saying: " Payments (upon said note) to be made at the pleasure and convenience of defendant." In 1923 defendant paid $100 and in 1925 $412.50 to apply on the note, leaving a balance of $487.50. This action was brought in 1929, and submitted upon stipulated facts.

The defendant urges that before plaintiff can recover she must show that it is convenient for defendant to pay and that it is her pleasure; that convenience here means ability to pay (*Cocks* v. *Weeks,* 7 Hill, 45), and since this does not appear in the statement of facts, the plaintiff is not entitled to recover, citing a number of authorities holding that in substance. These authorities, however, are to be distinguished from the case at bar, in that in each of them the only agreement to pay was the conditional agreement, while here we have an absolute, unconditional promise to pay signed by the defendant, and the qualifying agreement signed by plaintiff's testator. These are to be read together and reconciled,

if possible. It seems to the court that the only way to reconcile them is to hold that the intention of the parties was that plaintiff would accept payments from time to time upon the obligation and not insist upon the whole amount being paid at one time; that it did not mean that the defendant might never have to pay the note. This was given for the purchase price of an automobile. The defendant presumably had the use of this until she wore it out or disposed of it, and should not now be allowed to escape payment of the purchase price.

Judgment for plaintiff, with costs.